**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| CHRIS GALLO AND CARMEN GALLO; § | | |
| JAMES HAMMOND AND § | | |
| HATTIE HAMMOND; § | | |
| MATTHEW LAFOON; § | | |
| TIMOTHY MALECK AND § | | |
| JENNIFER BAGGARLY; § | | |
| PAUL RUIZ AND CRISPIN RUIZ; § | | |
| NATHAN SEXTON; § | | |
| KOLBY WHITE AND ERICA WHITE § | | |
| § | | |
| PLAINTIFFS, § | | |
| § | | |
| v. § | Civil Action No.  1:17-cv-00854 | |
| § | | |
| UNION PACIFIC RAILROAD § | | |
| COMPANY § | | |
| § | | |
| DEFENDANT § | (Jury Trial Demanded) | |

_____

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

      COME NOW Plaintiffs Chris Gallo and Carmen Gallo; James Hammond and Hattie Hammond; Matthew Lafoon; Timothy Maleck and Jennifer Baggarly; Paul Ruiz and Crispin Ruiz; Nathan Sexton; and Kolby White and Erica White and  file this their Plaintiffs' Original Complaint against Defendant Union Pacific Railroad Company, and in support thereof would respectfully show unto this Honorable Court the following:

### I.  Nature of the Case

      This is a diversity case brought to this court pursuant to 28 U.S.C. § 1332(a)(1) alleging that the negligence of the Union Pacific Railroad Company proximately caused damages to the Plaintiffs

who are residents of the Arroyo Doble neighborhood located in Travis County, Manchaca, Texas, to wit:

## II. Parties

Plaintiffs are residents of Manchaca, Travis County, Texas.

Defendant Union Pacific Railroad Company (hereinafter referred to as "U.P.") is a corporation that is incorporated under the laws of the state of Delaware. Defendant U.P. has its principal place of business in the state of Nebraska. Defendant U.P. may be served by serving its registered agent, C T Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III. Jurisdiction

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) in that this is a controversy between citizens of different states. That is, each Plaintiff is a resident of the state of Texas and defendant U.P., while it does business in Texas, has its principal place of business in Omaha, Nebraska. Each and every Plaintiff's claim herein exceeds $75,000.00 exclusive of interest and costs.

## IV. Venue

Venue is proper in the United States District Court for the Western District of Texas, Austin Division pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the lawsuit occurred in Travis County, Texas and the property damaged by the negligence of Defendant U.P. is located in Travis County, Texas.

## V. Facts

The year 2015 was a very wet year in Central Texas. Flooding rains had occurred several times during that year, most notably the so-called Memorial Day Flood where many people lost their

homes or their lives along the Blanco River. During these major flood events, the Arroyo Doble subdivision located near the town of Manchaca in Travis County, Texas had not suffered any significant flooding. The community was situated well outside and above the flood plain.

Running north to south along the west side of the Arroyo Doble subdivision was a main railroad line of Defendant U.P. The main railroad track was built up from ground level by an embankment and railroad ballast rock supporting the cross ties and rails of the railroad. During 2015 and before, Defendant U.P. had not properly maintained the railroad right-of-way. Specifically, Defendant U.P. had allowed the embankment and ballast to significantly erode at the point directly west of the Arroyo Doble neighborhood.

On October 30, 2015, torrential rains caused a large volume of water to collect on the west side of the railroad right-of-way in flat fields which ran along the railroad track. The obstruction created by the railroad embankment created a body of water rising along the west side of the railroad embankment.

Finally, the railroad embankment catastrophically failed at the point where it had previously been weakened by uninspected and unrepaired erosion. The failure point created a funnel which channeled all the water collected along the railroad embankment directly into the Arroyo Doble subdivision. The funneling effect created a wall of water, which flooded the homes of the Plaintiffs herein. Each home suffered very significant real and personal property damages.

### VI. Causes of Action

Plaintiffs would incorporate each and every factual allegations set out above in paragraph V into paragraph VI as if set out word for word herein.

Defendant U.P. was negligent in its inspection and maintenance of the railroad embankment

and ballast adjacent to the Arroyo Doble subdivision at the point of failure. Specifically, Defendant U.P. failed to comply with the following railroad regulations.

    a.     49 C.F.R. Part 213.1 Scope of Part

    b.     49 C.F.R. Part 213. 5 Responsibility for Compliance;

    c.     49 C.F.R. Part 213.7 Designation of Qualified Persons to Supervise Certain Renewals and Inspect Track;

    d.     49 C.F.R. Part 213.33 Drainage;

    e.     49 C.F.R. Part 213.103 Ballast;

    f.     49 C.F.R. Part 213.233 Track Inspections;

    g.     49 C.F.R. Part 213.239 Special Inspections;

    h.     49 C.F.R. Part 213.241 Inspection Records;

    i.     Notice of Safety Advisory 97-01 - Damage to tracks, roadbed, and bridges resulting from uncontrolled flows of water and similar weather-related phenomena, 62 Fed. Reg. 171 (September 4, 1997);

    j.     UPRR Engineering Track Maintenance Field Manual, Section 1.0 Roadbed (Ballast, Drainage);

    k.     UPRR Engineering Track Maintenance Field Manual, Section 8.0 Track Inspection Requirements;

    l.     (AREMA) American Railway Engineering and Maintenance of Way Standards pertaining to Roadbed, Ballast and Drainage; and

    m.     Industry Standards from BNSF, NS, CSXT that require the same engineering standards for Roadbed, Ballast and Drainage.

Such violations of federal regulations, industry standards and Defendant U.P.'s own field manual for the inspection and maintenance of the railroad right-of-way adjacent to the Arroyo Doble

subdivisio, was a direct and proximate cause of the damages to Plaintiffs' homes and property as set out in paragraph VII .

### VII.  Damages

Plaintiffs would incorporate each and every factual allegations set out in paragraphs V and VI into paragraph VII as if set out word for word herein.

Each and every Plaintiff's claim herein exceeds $75,000.00 exclusive of interest and costs. Each Plaintiff has suffered actual damages to their real and personal property, which were directly and proximately caused by Defendant U.P., to wit:

Plaintiffs Chris Gallo and Carmen Gallo have suffered actual damages to their real and personal property in the amount of $135,345.70.

Plaintiffs James Hammond and Hattie Hammond have suffered actual damages to their real and personal property in the amount of $339,392.27.

Plaintiff Matthew Lafoon has suffered actual damages to his real and personal property in the amount of $144,142.97.

Plaintiffs Timothy Maleck and Jennifer Baggarly have suffered damages to their real and personal property in the amount of $208,304.68.

Plaintiffs Paul Ruiz and Crispin Ruiz have suffered damages to their real and personal property in the amount of $212,215.86.

Plaintiff Nathan Sexton has suffered damages to his real and personal property in the amount of $80,358.22.

Plaintiffs Kolby White and Erica White have suffered damages to their real and personal property in the amount of $171,676.99.

## VII.  Demand for Jury

Plaintiffs demand a jury trial.

## VII.  Prayer

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that upon trial on the merits, the Court enters a final judgment in favor of Plaintiffs for the damages set out herein, plus prejudgment and post judgment interest as provided by law, for all court costs, and for such other and further relief, both at law and in equity, which the Court deems appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this 1st day of September 2017.

    /s/ Dana G.  Kirk
DANA G. KIRK
KIRK LAW FIRM
TSBN: 11507500
Federal ID No. 6111
4600 Post Oak Place, Suite 100
Houston, Texas 77027
Telephone: 713/651-0050
Facsimile: 713/651-0051
kirk@kirklawfirm.com

John A. Daspit
DASPIT LAW FIRM
TSBN: 24048906
Federal ID No. 1385146
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: 713/322-4878
Facsimile: 713-587-9086
e-service@daspitlaw.com

**ATTORNEYS IN-CHARGE FOR PLAINTIFFS**