IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHRIS GALLO AND CARMEN GALLO, *ET AL.*, § § | |
| Plaintiffs, § | |
| § | CAUSE NO. 1:17-CV-00854-RP |
| v. § | |
| § | |
| UNION PACIFIC RAILROAD § | |
| COMPANY, § | |
| Defendant. § | |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S MOTION FOR
LEAVE TO DESIGNATE TRAVIS COUNTY AS A RESPONSIBLE THIRD PARTY**

Defendant Union Pacific Railroad Company ("Union Pacific") files this Motion for Leave to Designate Travis County as a Responsible Third Party pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code (the "Motion"). This matter is set for trial on April 22, 2019, and the Motion is timely as it is made more than 60 days before the trial date.[1]

**INTRODUCTION**

Union Pacific requests Travis County be designated as a Responsible Third Party for the following reasons:

1) **Public Drainage System:** All properties at issue in this suit are located in the Arroyo Doble neighborhood near Manchaca, Travis County, Texas. The Arroyo Doble neighborhood contains a drainage system throughout that consists of public ditches and culverts, none of which are located on Union Pacific's property. Two large public drainage ditches run perpendicular and parallel between Union Pacific's tracks and several of Plaintiffs' homes at issue. These ditches are part of Travis County's public drainage easement, which was granted in 1978. *See* Ex. A.

---
[1] Tex. Civ. Prac. & Rem. Code § 33.004(a).

2)   **Travis County Maintains Ditches:** Travis County is responsible for the maintenance of the neighborhood drainage system. Plaintiffs testified that Travis County maintains the ditches, which has included changing the depth, design, and direction of flow of the ditches on occasion. In addition, at the time of the October 2015 flood, some Plaintiffs testified that the ditches were overgrown with vegetation and undersized. Plaintiffs also testified that water overflowed the neighborhood drainage system during moderate rain events. Plaintiffs' expert, Dr. Gerald Blackler, also testified that the drainage system is likely undersized.

3)   **Overflow of Neighborhood Ditches:** Several of Plaintiffs' homes experienced flooding prior to the October 2015 storm even though Union Pacific's tracks have not previously washed out. In addition, according to Plaintiffs' experts, during the October 2015 storm, almost half of Plaintiffs' homes would have experienced flooding regardless of whether Union Pacific's railroad embankment existed.

## ARGUMENT AND AUTHORITIES

### A. Applicability of Texas Civil Practice & Remedies Code Chapter 33

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).[2] When adjudicating diversity-jurisdiction claims, federal courts apply state substantive law but apply federal procedural law to the proceedings.[3] Federal district courts in Texas apply Texas Civil Practices and Remedies Code § 33.004 when designating a responsible third party in a tort claim.[4] Pursuant to Section 33.004, a defendant may seek to designate a person who may be

---

[2] Plaintiffs' Second Amended Complaint [Dkt. 42-1] ¶4-5.
[3] *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir.1991); *see also Hanna v. Plumer*, 380 U.S. 460, 465–67 (1965); *Erie R.R. v. Tompkins*, 304 U.S. 64, 79–80 (1938).
[4] *See e.g., Sullivan v. City of Round Rock,* No. A-14-CV-349-AWA, 2017 WL 3015423, at *3 (W.D. Tex. July 14, 2017) ("This Court finds it proper to apply Chapter 33 to the tort claims in this case."); *Davis v. Dallas Cty*, 2007 WL 2301585, at *2 (N.D. Tex. Aug. 10, 2007) (stating that in federal question cases, like diversity cases, the court will continue to apply Section 33.004

liable for the Plaintiff's damages as a responsible third party by filing a motion for leave to designate a responsible third party.[5] The motion must be filed on or before the 60th day before the trial date, unless the court finds good cause to allow the motion to be filed at a later date.[6]

Chapter 33 allows a defendant to liberally designate responsible third parties, including parties not subject to the court's jurisdiction or who are immune from liability.[7] Leave should be granted to designate a responsible third party unless another party to the suit files an objection to the motion establishing that the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure.[8] Under the Texas's fair notice pleading standard, a pleading is sufficient when "an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy."[9]

By granting a motion for leave to designate a responsible third party, the person named in the motion is designated as a responsible third party without further action by the court or any

---

"until persuaded that the statute does not apply."); *see also Becker v. Wabash Nat'l Corp.,* 2007 WL 2220961, at *2 n.2 (S.D. Tex. July 31, 2007) (stating "[the] Court may apply Texas Civil Practice & Remedies Code § 33.004 in this case, even though it is technically a state procedural statute.").

[5] Tex. Civ. Prac. & Rem. Code 33.004 (a).
[6] Tex. Civ. Prac. & Rem. Code 33.004 (a).
[7] *See Fisher v. Halliburton,* 667 F.3d 602, 621–22 (5th Cir. 2012) ("Even parties 'who ... are immune from liability to the claimant' can be designated responsible third parties under the statute."); *In re Unitec,* 178 S.W.3d at 58 n. 5 ("a responsible third party may include persons ... who are immune from liability to the claimant").
[8] Tex. Civ. Prac. & Rem. Code 33.004 (g).
[9] *See* Tex. R. Civ. P. 45; Tex. R. Civ. P. 47. Federal district courts in Texas apply the pleading standard set forth in the Texas Rules of Civil Procedure when designating a responsible third party under Tex. Civ. Prac. & Rem. Code Chapter 33. *See The Cadle Co. v. Keyser,* No. 5:15-CV-217-RP, 2015 WL 12866217, at *2 (W.D. Tex. May 13, 2015); *Viceroy Petroleum, L.P. v. Tadlock Pipe & Rentals, Inc.*, 2014 U.S. Dist. Lexis 153866 (W.D. Tex. Oct. 29, 2014); *State Farm Lloyds v. Sunbeam Prods.*, 2011 U.S. Dist. LEXIS 59540 (S.D. Tex. June 2, 2011); Guzman *v. Mem'l Hermann Hosp. Sys.,* 2009 U.S. Dist. Lexis 105707 (S.D. Tex. Nov. 12, 2009); and *Alvarez v. Toyota Motor* Corp., 2006 U.S. Dist. LEXIS 26973 (N.D. Tex. May 8, 2006).

party.[10] Once the party is so designated and there is evidence sufficient to submit a question to the jury regarding the conduct of the party, the trier of fact will determine the percentage of responsibility for a plaintiff's harm attributable to the plaintiff, the defendant, any settling persons, and the responsible third party.[11] The designation of a person as a responsible third party or a finding of fault against that person "does not by itself impose liability on the person" and "may not be used in any other proceeding ... to impose liability on the person." [12]

## B.  Travis County is a Responsible Third Party

### 1.  The Public Drainage System in the Arroyo Doble Neighborhood

Plaintiffs resided in or owned properties in the Arroyo Doble Subdivision on October 30, 2015. This subdivision is located near the town of Manchaca in Travis County, Texas. It is bordered to the north by Bear Creek, to the east by Onion Creek, and to the west by railroad tracks owned by Union Pacific. The confluence of Bear Creek and Onion Creek is slightly northeast of the subdivision. Garlic Creek is located approximately one-quarter of a mile south of the subdivision.

The neighborhood has a drainage system consisting of public ditches and culverts, all of which are located on Travis County's public drainage easement. There is a large public drainage ditch that runs parallel to Union Pacific's tracks between the tracks and the homes located on Viento Del Sur (the "Parallel Ditch"). There is also a large public drainage ditch that runs perpendicular to Union Pacific's tracks off of Viento Del Sur (the "Perpendicular Ditch"). Multiple Plaintiffs have testified that both the Perpendicular Ditch and the Parallel Ditch are often overgrown with vegetation and debris. None of these ditches are on Union Pacific property.

---

[10] Tex. Civ. Prac. & Rem. Code 33.004(h).
[11] *Fisher,* 667 F.3d at 621–22.
[12] Tex. Civ. Prac. & Rem. Code 33.004 (i)(1)-(2).

From the highpoint in the subdivision, the ground generally slopes downward toward the subdivision boundaries, with the north-western part of the neighborhood draining to the Parallel and Perpendicular Ditches described above.



Lots shaded gray in the above graphic identify the location of Plaintiffs' properties.

On October 30, 2015, a record-setting storm struck the Austin area. Areas from downtown Austin to San Marcos experienced severe flooding. The storm rainfall return frequency was at least a 250-year rain event. During the storm, Union Pacific's tracks that border the Arroyo Doble Subdivision overtopped for the majority of the length of track between Horsethief Trail at Milepost 191.39 and Bear Creek Bridge at 190.92. Eventually, a portion of the track washed out and additional water flowed into the neighborhood. Twenty-eight homeowners have sued Union Pacific alleging the washout of its tracks and its negligence

5

proximately caused the flood and resulting damage to their homes and personal property. The map above on page 3 identifies in grey the location of the properties that are part of this lawsuit.

### 2. Plaintiffs' Prior Flooding, Overgrown Ditches, and Ditch Overflow

Prior to 2015, several of the Plaintiffs' homes flooded. Union Pacific's tracks had not experienced a washout prior to October 2015 so these prior floods were not caused by Union Pacific. Additionally, several Plaintiffs testified that the neighborhood drainage ditches have been overgrown with vegetation. Several Plaintiffs also testified that the neighborhood drainage system would overflow during moderate storms causing water to encroach on their property.

### 3. Dr. Blackler's Deposition Testimony

In his expert report, Plaintiffs' drainage engineer, Dr. Gerald Blacker, provided a hypothetical drainage model that allegedly would have prevented the Arroyo Doble neighborhood from flooding in October 2015. His design was limited to the railroad tracks and the immediate surrounding area. Dr. Blacker admitted that his drainage design would not prevent flooding of all of Plaintiffs' homes. Dr. Blackler further admitted that flooding that occurred prior to any breach or overtopping of the embankment was likely caused by the undersized neighborhood drainage system.

## CONCLUSION

Defendant Union Pacific respectfully requests that the Court grants its Motion and that it be allowed leave of court to designate Travis County as a Responsible Third Party without the need for further filings. Union Pacific further requests the Court grant all other relief, in law or equity, to which it may show itself justly entitled.

Respectfully submitted,

Brown, Dean, Proctor & Howell, LLP
3800 N. Lamar Blvd., Suite 200
Austin, Texas 78756
(512) 599-8506
(817) 870-2427 (facsimile)

By: */s/ Afton D. Sands*
    Afton D. Sands
    State Bar No. 24060555
    asands@browndean.com

David M. Newman
Nebraska State Bar No. 24549
(Pro Hac Vice Granted)
dmnewman@up.com
Union Pacific Railroad Co.
1400 Douglas Street, Stop 1580
Omaha, NE 68179-1580
Telephone: 402-544-1658
Facsimile: 402-233-2234

**COUNSEL FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February, 2019, a true and correct copy of the above and foregoing document was served in accordance with the Federal Rules of Civil Procedure.

*/s/ Afton D. Sands*
AFTON D. SANDS